UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                      Crim. File No. 88-93(3) (PAM)

            Plaintiff,

v.                                                 **MEMORANDUM AND ORDER**

Jimmy Wagoner,

            Defendant.

---

This matter is before the Court on Defendant Jimmy Wagoner's Petition to Modify Sentence pursuant to 18 U.S.C. § 3582(c). For the reasons that follow, Defendant's Petition is denied.

Defendant was sentenced to 360 months imprisonment in June 1989 for distributing cocaine and cocaine base. Based on his criminal history, the Court determined that Defendant was a career offender; therefore, § 4B1.1 of the sentencing guidelines dictated that a total offense level of 37 be applied. The corresponding sentencing range was 360 months to life.

Defendant appealed his sentence, which was affirmed by the Eighth Circuit. He has subsequently filed several motions and petitions to modify or evade his sentence, all of which have been denied. Defendant now files this Petition pursuant to 18 U.S.C. § 3582(c), requesting that the Court decrease his sentence to 262 months in light of the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

The Fair Sentencing Act, enacted on August 3, 2010, raises the amount of cocaine and cocaine base required for imposition of the mandatory minimum sentence. See id. §§ 2-3. But this new development is of no help to Defendant. As the Eighth Circuit recently noted, because the Fair Sentencing Act contains no express language that it is retroactive, "the statutory minimum existing at the time the offense was committed governs." United States v. Brown, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. Oct. 12, 2010); see also United States v. Carradine, No. 08-3220, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010) (citations omitted) ("The 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own application."). Therefore, Defendant's sentence may not be decreased from its original duration.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Petition to Modify Sentence pursuant to 18 U.S.C. § 3582(c) (Docket No. 121) is **DENIED**.

Dated: Thursday, October 28, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge