UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                                     Case No. 3:88-cr-93(3)

                Plaintiff,

v.                                                                                                    **ORDER**

Jimmy Wagoner,

                Defendant.
_____

This matter is before the Court on Defendant Jimmy Wagoner's Pro Se Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court denies the Motion.

In June 1989, this Court sentenced Wagoner to 360 months in prison after he was found guilty of conspiring to possess with intent to distribute cocaine and cocaine base and of using the U.S. Mail to send drugs from California to Minnesota. Having adopted the U.S. Probation Office's Presentence Report, the Court determined that Wagoner was a career offender, based on his prior felony convictions for violent crimes. Section 4B1.1 of the sentencing guidelines dictated a total offense level of 37, and a criminal history score of VI. The corresponding sentencing range was 360 months to life. If Wagoner had not been a career offender, the Court would have applied the guidelines range from U.S.S.G. § 2D1.1, which would have resulted in an offense level of 32.

Amendment 782 to the sentencing guidelines, which took effect on November 1, 2014, lowered the base offense level for most drug quantity offenses under § 2D1.1(c)'s Drug Quantity Table. See U.S.S.G. § 1B1.10(d), app. C amend. 782. In his Motion,

Wagoner asks the Court to lower his sentencing range by two levels in light of Amendment 782. Wagoner's sentence is not eligible for reduction under the amendment.

Section 3582(c)(2) empowers the Court to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 authorizes the Court to reduce a defendant's sentence under § 3582(c)(2) and § 1B1.10. However, a sentence reduction under § 3582(c)(2) is not available to a defendant sentenced as a career offender. United States v. Thomas, 775 F.3d 982 (8th Cir. 2014) (Amendment 782 "did not lower the sentencing range established for a career offender by § 4B1.1").

A sentence reduction is authorized under § 3582(c)(2) only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See Dillon v. United States, 560 U.S. 817, 826 (2010) (identifying § 1B1.10 as the source of applicable policy statements). The Sentencing Commission has issued a policy statement explaining that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment [to the guidelines] . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Section 1B1.10 commentary adds that an amendment to the guidelines does not lower a defendant's guideline range where another guideline governs. U.S.S.G. § 1B1.10 cmt. n. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment . . . is

2

applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline.").

Such is the case here. Wagoner's sentencing guideline range was not based on the amendment to § 2D.1.1., it was based on § 4B1.1, and Amendment 782 does not apply to individuals sentenced under sections of the sentencing guidelines other than § 2D1.1. Section 4B1.1 includes its own table of offense levels and mandates that every individual found to be a career offender be categorized at Category VI. The Court's finding that Wagoner's offense level would have been 32 but for his career offender status is telling—if Wagoner was not a career offender, § 2D1.1 would have applied. Because Wagoner's sentencing was based on § 4B1.1, Amendment 782 may not be used to adjust it.

Accordingly, **IT IS HEREBY ORDERED** that Wagoner's Motion for Reduction of Sentence (Docket No. 150) is **DENIED**.

Dated:  September 24, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
